**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| AZUBUKO -<br>Plaintiff<br><br>v.<br><br>FEDERAL REPUBLIC OF JAMAICA -<br>Defendant | CIVIL ACTION NUMBER:<br>98-164-T |

## PLAINTIFF'S MOTION FOR THREE-JUDGE DISTRICT COURT

The Plaintiff received the Court's denial of the 'Plaintiff's Motion for New Trial/Hearing' dated November 1st and postmarked self-same date on Friday – November 4th – 2005. Consequently, the Plaintiff prayed the Court to act in keeping with the heading. Of course, the prayer matched with the law! [28 U.S.C. Section 2284]

## CONCLUSION

The Plaintiff was entitled for Equal Protection and Due Process Clauses as provided in the United States' Constitution. Anything contrary to that was tantamount to corruption of administration of justice or abuse of discretion. The Defendant was not above the law of the land. Glory, lately United States' Court/s had entered judgment in favor of relatives of those who were held as hostages. Indeed, the Plaintiff's standing in the case was not disputable. In essence, it was as plain as the nose had been in the face. Hopefully, "Justice will be done and be seen to be done," at all material times!

Respectfully submitted from Boston – Massachusetts – on Monday – November 07th – 2005.

CHUKWUMA E. AZUBUKO AND ANOTHER,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

**CERTIFICATE OF SERVICE**

The Plaintiff did not serve the Defendant with the head owing to the Court's botch of the proceedings' process. Complaint associated with Answer, therefore, to serve the Defendant with the head would amount to legal ingratiation.

CHUKWUMA E. AZUBUKO,
Pro Se.

**UNITED STATES' DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CHUKWUMA E. AZUBUKO AND

IFEANYI I. AZUBUKO -
Plaintiffs

v.

FEDERAL REPUBLIC OF JAMAICA -
Defendant

CIVIL ACTION NUMBER:
98-164-T

**MEMORANDUM OF LAW**

The Plaintiffs would like to appeal the above captioned case on these grounds:

01) The nature of the case centered on interference with contractual relationship or prospective economic advantages. It had bearings on education too. Therefore, it would not be unintelligent to equate it with federal question. [42 U.S.C. Sections 1981 and 1983; 28 U.S.C. Sections 1330, 1331 and 1605-1607.

02) Taking everything into account, the precocious dismissal at the time it was filed reflected upon exposure or condemnation of the Plaintiffs to knowingly deprivation of Equal Protection and Due Process Clauses of the Fifth Amendment. The condescension [by accident or design] was akin to *injury* and *error of law*.

03) In the case, the Plaintiff/s had practically innumerable bases for standing and particularization on them presently would not be increasingly intelligent or amounted to individual and collective prostitution of much-needed time.

04) Of course, one had to be responsible for whatever flew from one's action/s or advice. Common law underscored that resoundingly! [*Shelton, et al. v. Government of Mexico*, 9th Cir. 729 F.2d 641; *Argentine Republic Corp., et al. v. Amerada Hess Shipping Corp. et al.*, Court of Appeals]

05) The venue was superlatively proper central to the anti-trust nature of the case. As already stated the Defendant's breach of contract or trust lent itself to restraint

of trade or Clayton Act. Contract existed for *consideration* or money. If none, the law attached with trust. The law had nothing to do with the economics' quantity theory analysis. [The U.S. Last Week – Third Circuit Broadly Construes Clayton Act: Venue, Service of Process Requirements, Volume 72 Number 32 Tuesday, March 2, 2004: ISSN 1522-4317; 15 U.S.C. Sections 1, 4, 9, 13, 15, 22, 25 and 36]

06) The Plaintiff/s regrettably had to state that the precocious dismissal was equally a criminal offense. [18 U.S.C. Sections 241, 242, 245 and 246]

07) The ugly surrounding circumstances squarely underscored the "*but for*" doctrine. In essence, if it were not for the *active domination of will* or ill-fated advice of the Defendant vis-à-vis its employees abandonment of their core service of foreign service for engagement on travel agency services, the Plaintiffs would have bought the appropriate airline ticket. Certainly, there would have been no substantial reliance on connection to Grand Cayman Island via Jamaica by sea. The Plaintiff's unsuspecting minds were, indeed, poisoned [to believe so] On getting to Jamaica, there was no modicum of protection as any reasonable and prudent person similarly situated with the [second] Plaintiff/s would rely upon for the unbidden counsel from the Defendant's Immigration Department. The second Plaintiff did everything humanly possible to discourage the deportation, but the Immigration Officials did not stair a finger to verify the erroneous and harmful information the second Plaintiff was furnished with in Nigeria by their colleague/s. A mere telephone call would have resolved the ill-fated travel agency professional miscalculation. That meant *negligence* from the Second Edition – Restatement of Torts. The Defendant kissed and it had to marry! It enjoyed no immunity from "… commercial activities." [28 U.S.C. Sections 1605-1607] If the advice were sought for, of course, it was unprofessionally and knowingly harmfully provided in 1992. Reiteratively, the so-called professional commercial advice resoundingly typified negligence! The Defendant's conduct associated with violation of international law. [The General Assembly Resolution on Measures to Prevent International Terrorism, G.A. Res. 40/61 (1985) and G.A. Res. 42/159 (1987); The Universal Declaration of Human Rights, Dec. 10, 1948 G.A. Res. 217A (III), U.N. Doc. A/819, articles 3 and 5 (1948)]

## CONCLUSION

Consequently, the Plaintiffs effusively prayed that "justice will be done and be seen to be done," at all material times. The precocious dismissal was in stark violation of the Plaintiffs' constitutionally protected rights: in essence, the invaluability of Equal Protection and Due Process Clauses.

Respectfully submitted from Boston – Massachusetts – on Monday – November 21st – 2005.

CHUKWUMA E. AZUBUKO & ANOTHER,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.